| | |
|---|---|
| IAN BELL, Derivatively on Behalf of ECO SCIENCE SOLUTIONS, INC., | CIVIL 17-00530 LEK-RLP |
| Plaintiff, | |
| vs. | |
| JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE, | |
| Defendants, | |
| and | |
| ECO SCIENCE SOLUTIONS, INC., a Nevada corporation, | |
| Nominal Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO
DISMISS OR, ALTERNATIVELY, TO STAY ACTION**

Before the Court is Defendants Jeffrey Taylor ("J. Taylor"), Don Lee Taylor ("D. Taylor" and collectively "the Taylors"), L. John Lewis, S. Randall Oveson, Gannon Giguiere (collectively "Individual Defendants"), and Eco Science Solutions, Inc.'s ("Eco Science" and all collectively "Defendants") Motion to Dismiss or, Alternatively, to Stay Action ("Motion"), filed on March 16, 2018. [Dkt. no. 35.] On March 19, 2018, Defendants filed a correction to the Motion, containing two exhibits inadvertently not attached to the Motion ("Correction"). [Dkt. no. 37.] Plaintiffs Ian Bell, Derivatively on Behalf of Eco Science Solutions, Inc. ("Bell");

and Marc D'Annunzio, Derivatively on Behalf of Eco Science Solutions, Inc. ("D'Annunzio" and collectively "Plaintiffs") filed their memorandum in opposition on April 25, 2018, and Defendants filed their reply on May 11, 2018. [Dkt. nos. 46, 47.] This matter came on for hearing on June 4, 2018. Defendants' Motion is hereby denied for the reasons set forth below.

## BACKGROUND

This action commenced on October 20, 2017. [Dkt. no. 1.] On February 23, 2018, Plaintiffs filed their Verified Consolidated Stockholder Derivative Complaint for Breach of Fiduciary Duty, Aiding and Abetting, Waste of Corporate Assets, and Unjust Enrichment ("Amended Complaint"). [Dkt. no. 34.] Plaintiffs allege the Individual Defendants profited by wrongfully manipulating the share price of Eco Science. Plaintiffs assert four claims under Nevada law: 1) breach of fiduciary duty ("Count I"); [id. at ¶¶ 122-28;] 2) aiding and abetting breach of fiduciary duty ("Count II"); [id. at ¶¶ 129-33;] 3) waste of corporate assets ("Count III"); [id. at ¶¶ 134-38;] and 4) unjust enrichment ("Count IV"), [id. at ¶¶ 139-42].

In July 2017, a derivative action based on same the conduct as alleged in the Amended Complaint was filed in the First Judicial District Court of the State of Nevada in and for

Carson City ("Nevada state action" and "Nevada state court").[1] The Nevada state action is similar, but not identical, to the instant action. The Nevada state action does not name Gannon Giguiere as a defendant, and in addition to the four claims asserted in the Amended Complaint, also asserts claims for abuse of control and gross mismanagement.

The instant Motion seeks stay or dismissal of this action in favor of the Nevada state action under the Colorado River doctrine.[2]

**STANDARD**

The Colorado River doctrine provides an exception to the rule that, "'[g]enerally, as between state and federal courts, . . . the pendency of an action in the **state** court is no bar to proceedings concerning the same matter' in a federal court." R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (emphasis and some alterations in R.R. St.) (quoting Colorado River, 424 U.S. at 817, 96 S. Ct. 1236).

The Ninth Circuit has stated:

> Under "exceedingly rare" circumstances, Smith [v. Cent. Ariz. Water Conservation Dist.], 418 F.3d

---

[1] The Nevada state action is Glorioso v. Taylor, et al., No. 17OC001371B. A copy of the complaint filed in the Nevada state action is Exhibit A to the Correction ("Glorioso Complaint"). The Glorioso Complaint is not attached to any authenticating declaration.

[2] See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

3

[1028,] 1033 [(9th Cir. 2005)], "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may counsel in favor of abstention, Colo. River, 424 U.S. at 817, 96 S. Ct. 1236 (alteration omitted) (internal quotation marks omitted).

Colorado River and its progeny provide a multi-pronged test for determining whether "exceptional circumstances" exist warranting federal abstention from concurrent federal and state proceedings. We evaluate eight factors in assessing the appropriateness of a Colorado River stay or dismissal:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. St., 656 F.3d at 978-79. . . .

Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 841-42 (9th Cir. 2017).

**DISCUSSION**

**I.    The *Colorado River* Doctrine**

The Ninth Circuit has stated:

The Supreme Court has emphasized that the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," including in cases involving parallel state litigation. [Colo. River, 424 U.S. at 817, 96 S. Ct. 1236.] "Abdication of the obligation to

4

> decide cases can be justified . . . only in the
> exceptional circumstances where the order to the
> parties to repair to the state court would clearly
> serve an important countervailing interest." Id.
> at 813, 96 S. Ct. 1236 (internal quotation marks
> omitted).

Id. at 841 (some alterations in Seneca Ins.). Further, the eight Colorado River factors

> are not a "mechanical checklist"; indeed, some may
> not have any applicability to a case. [Moses H.]
> Cone Mem'l Hosp. [v. Mercury Constr. Corp.], 460
> U.S. [1,] 16, 103 S. Ct. 927 [(1983)]. Rather, as
> instructed by the Supreme Court, we examine them
> in "a pragmatic, flexible manner with a view to
> the realities of the case at hand." Id. at 21,
> 103 S. Ct. 927. Moreover, we must carefully
> balance the important factors, "with the balance
> heavily weighted in favor of the exercise of
> jurisdiction." Id. at 16, 103 S. Ct. 927. The
> underlying principle guiding this review is a
> strong presumption against federal abstention:
> "[O]ur task in cases such as this is not to find
> some substantial reason for the **exercise** of
> federal jurisdiction by the district court;
> rather, the task is to ascertain whether there
> exist 'exceptional' circumstances, the 'clearest
> of justifications,' that can suffice under
> Colorado River to justify the **surrender** of that
> jurisdiction." Id. at 25–26, 103 S. Ct. 927.
> "Any doubt as to whether a factor exists should be
> resolved against a stay, not in favor of one."
> Travelers Indem. Co. v. Madonna, 914 F.2d 1364,
> 1369 (9th Cir. 1990).

Id. at 842 (emphases and some alterations in Seneca Ins.).

## II. **Weighing the Eight *Colorado River* Factors**

The Court considers the eight Colorado River factors to determine if a dismissal or stay of this action is warranted in favor of the Nevada state action.

5

The first Colorado River factor is inapplicable because neither this Court nor the Nevada state court has assumed jurisdiction over a res. See id. (discussing first factor).

Second, the Court considers the inconvenience of the federal forum. Defendants argue Plaintiffs fail to show Hawai`i is more convenient than Nevada. [Mem. in Supp. of Motion at 17.] Defendants point out that, although the Taylors live in Maui and Eco Science is headquartered in Maui, the other Individual Defendants reside in Utah and California, and Plaintiffs reside in New York and North Carolina. [Id. at 18-19.] Defendants misconstrue this factor. First, it is Defendants who bear the burden of showing exceptional circumstances warranting Colorado River abstention. Second, Defendants fail to explain why it matters that Plaintiffs reside in New York and North Carolina. For example, Defendants do not contend this will make production of discovery more difficult if litigation proceeds in the District of Hawai`i rather than in the Nevada state court. To the extent Defendants merely point out that Plaintiffs' flight times to Hawai`i will be longer as compared to their flight time to Nevada, that does not affect the Court's analysis of whether the federal forum is exceptionally inconvenient. The Court considers the relatively greater burden for Individual Defendants residing in Utah and California to travel to Hawai`i rather than Nevada, and also considers that the Taylors are located in

Hawai`i, and that Eco Science is located in Hawai`i, and that none of the Defendants are located in Nevada. These circumstances do not show the federal forum is inconvenient. Therefore, this factor does not weigh in favor of abstention.

Third, the Court considers "whether there are special concerns associated with resolving the issues in a piecemeal fashion via parallel proceedings. Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Seneca Ins., 862 F.3d at 842 (citation and internal quotation marks omitted). The Nevada state court has issued a stay and has not issued any substantive rulings in the Nevada state action. Defendants' speculation that inconsistent rulings could arise is insufficient to show "[t]he danger of piecemeal litigation in this case is real." See Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988).

Defendants also argue exceptional circumstances are present because this is a shareholder derivative action and the real party in interest is not the named Plaintiffs, but Eco Science shareholders. Specifically, Defendants argue the shareholders will be harmed by the increased cost of litigating duplicative actions in federal and state court. [Mem. in Supp. of Motion at 10-11.] Even assuming Defendants are correct that, for shareholders, the costs of duplicative litigation exceed the

7

benefits, that does not establish the piecemeal litigation factor under Colorado River: it does not show the federal and state courts are likely to "consider the same issue . . . and possibly reach[] different results." See Seneca Ins., 862 F.3d at 842. In the absence of a statute establishing a "clear federal policy" against piecemeal litigation of shareholder actions, Defendants' ordinary concerns about reducing litigation costs do not establish the exceptional circumstances necessary to abstain under Colorado River. See id. at 843; see also In re McKesson Corp. Derivative Litig., Case No. 17-cv-01850-CW, 2018 WL 2197548, at *5 (N.D. Cal. May 14, 2018) (defendants failed to show piecemeal litigation factor warranted abstention, even though, like "with any concurrent litigation, there may be some duplication of effort in the cases"); In re Comverse Tech., Inc. Derivative Litig., No. 06-CV-1849 (NGG)(RER), 2006 WL 3193709, at *6 (E.D.N.Y. Nov. 2, 2006) ("[T]he potential for piecemeal litigation is always present in potentially parallel litigations, and the courts must look beyond this factor to ascertain whether abstention is appropriate."); cf. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1156 (9th Cir. 2007) (Ferguson, J., concurring) (urging a change in law to authorize federal district courts to abstain from exercising jurisdiction when on the grounds that duplicative litigation is wasteful).

Fourth, the Court considers the order of filing. The United States Supreme Court has stated: "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Cone, 460 U.S. at 21. Because the Nevada state action has not progressed far and is stayed, this factor does not weigh in favor of abstention.

Fifth, the Court considers the source of law that provides the rule of decision on the merits. Defendants argue this factor favors abstention because Plaintiffs do not assert any federal claims and only assert claims under Nevada law. [Mem. in Supp. of Motion at 17.] The Ninth Circuit has stated:

> That state law provides the rule of decision supports abstention only when the state law questions are themselves complex and difficult issues better resolved by a state court; it is not enough that a state law case is complex because it involves numerous parties or claims. Cases implicating only routine issues of state law — misrepresentation, **breach of fiduciary duty**, and breach of contract — which the district court is fully capable of deciding do not entail rare circumstances counseling in favor of abstention.

Seneca Ins., 862 F.3d at 844 (emphasis added) (internal citations and quotation marks omitted). "The fact that state law governs . . . does not support a stay except in 'rare circumstances.'" In re Galena Biopharma, Inc. Derivative Litig., 83 F. Supp. 3d 1033, 1041 (D. Or. 2015) (quoting Travelers, 914 F.2d at 1370).

This case involves routine state law claims.  Accordingly, this factor does not weigh in favor of abstention.

The sixth factor, adequacy of the state forum, "pertains to whether there is an impediment to the state court protecting the litigants' federal rights." Seneca Ins., 862 F.3d at 845.  This factor does not apply because Plaintiffs do not assert any federal claims.

Seventh, the Court considers whether there is evidence of forum shopping.  Defendants state "there is no indication of forum shopping by any of the plaintiffs."  [Mem. in Supp. of Motion at 19.]  This Court agrees.  This factor does not weigh in favor of abstention.

Finally, the Court considers whether "whether the state court proceedings will resolve all issues before the federal court (the 'parallelism' factor). . . .  The parallelism factor provides that the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a Colorado River stay or dismissal." Seneca Ins., 862 F.3d at 845 (internal citations and quotation marks omitted).  Because "the parallelism factor considers whether the parallel proceedings address substantially similar claims," it "is more relevant when it counsels against abstention, because while . . . insufficient parallelism may preclude abstention, the alternative[] never compel[s] abstention."  Id. (internal citation marks omitted).

Plaintiffs argue the eighth factor weighs against abstention because the Nevada state action is "less comprehensive than the complaint in the present Action, since it fails to name Giguiere - one of the primary architects and beneficiaries of the illicit scheme at the heart of this litigation - as a defendant." [Mem. in Opp. at 18.] The Court need not decide whether this difference precludes abstention. Under the facts of this case, where none of the first seven Colorado River factors favor abstention, even if this Court were to find that the Nevada state action would "resolve all issues" in the instant case, this would be insufficient to "compel abstention." See Seneca Ins., 862 F.3d at 845.

Balancing the eight Colorado River factors, the Court finds a stay or dismissal is not warranted in this case.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss or, Alternatively, to Stay Action, filed on March 16, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 13, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**IAN BELL, ETC. VS. JEFFREY TAYLOR, ET AL.; CIVIL 17-00530 LEK-RLP; ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY ACTION**