SULLIVAN MEHEULA LEE
A Limited Liability Law Partnership

WILLIAM MEHEULA         (2277)
PATRICK K. SHEA          (8387)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2900
Honolulu, Hawaiʻi  96813
Telephone:  (808) 599-9555
Facsimile:  (808) 533-2467
meheula@smlhawaii.com; shea@smlhawaii.com


JOEL MAX EADS            (Admitted *Pro Hac Vice*)
KATHLEEN M. KLINE        (Admitted *Pro Hac Vice*)
Greenberg Traurig, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Telephone:  (215) 988-7856
Facsimile:  (215) 988-7801
eadsj@gtlaw.com; klineka@gtlaw.com

Attorneys for Defendants
JEFFERY TAYLOR, DON LEE TAYLOR,
L. JOHN LEWIS, S. RANDALL OVESON,
GANNON GIGUIERE and ECO SCIENCE
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IAN BELL, Derivatively on Behalf of ECO SCIENCE SOLUTIONS, INC.,<br><br>         Plaintiff,<br><br>    vs. | CIVIL NO. 17-00530 LEK-RLP (Consolidated)<br><br>DEFENDANTS JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, GANNON GIGUIERE AND ECO |

| | |
|---|---|
| JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE,<br><br>  Defendants,<br><br> -and-<br><br>ECO SCIENCE SOLUTIONS, INC., a Nevada corporation,<br><br>  Nominal Defendant.<br>_____<br><br>MARC D'ANNUNZIO, Derivatively on Behalf of ECO SCIENCE SOLUTIONS, INC.,<br><br>  Plaintiff,<br><br> vs.<br><br>JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE,<br><br>  Defendants,<br><br> -and-<br><br>ECO SCIENCE SOULTIONS, INC., a Nevada corporation,<br><br>  Nominal Defendant. | SCIENCE SOLUTIONS, INC.'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS<br><br>Judge: Magistrate Judge Richard L. Puglisi<br><br>CIVIL NO. 18-00016 LEK-RLP |

2

# DEFENDANTS JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, GANNON GIGUIERE AND ECO SCIENCE SOLUTIONS, INC.'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS

## I. INTRODUCTION

Defendants Jeffery L. Taylor, Don Lee Taylor, L. John Lewis, S. Randall Oveson and Gannon Giguiere ("Defendants") hereby request, pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 26(c)(1), a protective order staying discovery pending resolution of their Motion to Dismiss pursuant to F.R.C.P. 12(b)(6).[1] Under the unique circumstances of this case, "a stay of discovery while the motion to dismiss is pending will best accomplish the objectives of [F.R.C.P. 1], to secure the just, speedy and inexpensive determination of this action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 608 (D. Nev. 2011).

This consolidated action is one of four involving Eco Science Solutions, Inc. ("Eco Science" or the "Company") and its officers and directors. Undeniably, all of the cases arise out of precisely the same set of facts and circumstances. Aside from this consolidated action, two other derivative actions are pending, one in Nevada state court and the other in the Nevada federal district court. Three securities class actions, now consolidated, are pending in federal court in New Jersey. Proceeding apace, the matters require multiple courts and the parties to

---

[1] On August 13, 2018, the Court denied Defendants' Motion to Dismiss or, Alternatively, to Stay Action. Dkt. 56. Accordingly, Defendants will file a substantive motion to dismiss Plaintiffs' Complaint in its entirety.

duplicate efforts and to waste invaluable judicial and party resources in an inefficient race to resolution in a single court. For sound reasons of policy and under established doctrine, Defendants seek to mount a single defense in a single jurisdiction and to obtain but a single outcome.

This Court has determined not to dismiss or stay this case in favor of the first-filed Nevada state court action. As such, Defendants will proceed to address the plaintiffs' claims substantively in a motion to dismiss pursuant to F.R.C.P. 12(b)(6) and 23.1.[2] Because this anticipated motion is potentially dispositive of all claims and because no discovery is required to advance, or oppose, it, defendants request that the Court stay discovery pending resolution thereof. Furthermore, Defendants will ultimately file a motion to dismiss the consolidated class actions, which will have the effect of staying all discovery under the Private Securities Litigation Reform Act. In order to avoid the anomalous result whereby plaintiffs may pursue discovery pertaining to the Company in one Court that is statutorily forbidden in another, the Court should stay discovery.

Given its broad discretion to manage its docket and the discovery schedules in matters before it, and in light of the significant efficiency and economy that will be achieved by staying discovery pending resolution of the motion to dismiss, the Court should stay discovery.

---

[2]  Defendants will file this motion on or before September 28, 2018. Dkt. 64.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural Background

On October 20, 2017, Mr. Ian Bell initiated this derivative action. Dkt. 1 ("Bell Complaint"). Mr. Marc D'Annunzio filed a substantially similar complaint on January 11, 2018. Case No. 1:18-cv-00016-LEK-RLP, Dkt. 1 ("D'Annunzio Complaint"). The Court consolidated the two actions, and Mr. Bell and Mr. D'Annunzio (collectively, "Plaintiffs") filed a consolidated amended complaint on February 23, 2018. Dkt. 34 ("Complaint"). On March 16, 2018, Defendants moved to dismiss or, alternatively, to stay this action pending resolution of the first-filed, materially identical derivative action pending in Carson City County, Nevada. Dkt. 35. Plaintiffs opposed on April 25 (Dkt. 46) and Defendants replied on May 11 (Dkt. 47). The Court denied that motion on August 13, 2018. Dkt. 56.

On September 6, 2018, the parties separately filed Scheduling Conference Statements. Dkt. 62, 63. The scheduling conference was held on September 13.

### B. Factual Background

Plaintiffs' Complaint alleges breach of fiduciary duties by the individual defendants, largely directors or officers of Eco Science, and seeks monetary damages and equitable relief. Plaintiffs' allegations are mirrored in two other derivative actions and three consolidated securities class actions. In addition to this consolidated amended complaint and the first-filed Glorioso Complaint

pending in Carson City County (Case No. 17 OC 0001371B), a fourth plaintiff initiated a substantively identical action in the United States District Court for the District of Nevada. Case No. 3:17-cv-00662-LRH-VPC. Defendants filed, and the Nevada federal court granted, a motion to stay discovery substantively identical to this motion, and for the same reasons enumerated herein. *Id.*, Dkt. 35, 38.

Three securities class actions against Eco Science in the United States District Court for the District of New Jersey have been consolidated. Case No. 1:17-cv-03707-RMB-KMW. Plaintiffs in the class action are expected imminently to file a consolidated complaint. Eco Science intends to file a motion to dismiss the consolidated complaint pursuant to F.R.C.P. 12(b).

### III. ARGUMENT

#### A. Staying Discovery Pending Resolution of the Motion to Dismiss or Stay is the Most Just and Efficient Way to Proceed

**1. Standard of Review**

For "good cause," courts may stay or otherwise control discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .", by among other things "specifying terms, including time and place . . . for the . . . discovery[.]" F.R.C.P. 26(c)(1)(B). The guiding principle in evaluating a proposed stay is "to secure the just, speedy, and inexpensive determination of every action." F.R.C.P. 1. Courts in this Circuit generally consider a pending motion to dismiss to constitute "good cause." *See, e.g. Rutman*

*Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (finding district court properly dismissed claims without "forcing the parties to undergo the expense of discovery.").

When evaluating a motion to stay discovery, courts throughout the Ninth Circuit apply variations on the two-part test set out in *Mlejnecky v. Olympus Imaging America, Inc.*:

> First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order.

No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "Although the Ninth Circuit has not announced a clear standard, courts generally grant stays for pending motions when: 1) the pending motion is 'dispositive on the issue at which discovery is aimed'; and 2) the pending motion "can be decided absent additional discovery." *Marine Lumber Co. v. Precision Moving & Storage*, No. CV 16-00365 LEK-RLP, 2016 WL 9488599, at *1 (D. Haw. Dec. 23, 2016); *see also Ancier v. Egan*, No. CV 14-00294 JMS-RLP, 2014 WL 12591669, at *1 (D. Haw. Nov. 14, 2014) (describing same two-part test). This Court has consistently

followed the *Mlejnecky* test. As set forth below, both prongs of the test are easily satisfied here: Defendants' motion to dismiss (1) would be dispositive of this duplicative derivative action and (2) no discovery is required to support, or oppose, such a motion. For these reasons, the Court should stay discovery pending resolution of Defendants' motion to dismiss.

### 2. Defendants' Motion is Potentially Dispositive of the Entire Case

A ruling for Defendants on a substantive motion to dismiss would be dispositive of all of Plaintiffs' claims; thus, the first prong is met. This is particularly true where, as here, there are multiple derivative actions *and* companion securities class actions pending in multiple jurisdictions and all of the matters arise out of the same facts and circumstances. Defendants seek to litigate a resolution of the derivative claims in a single jurisdiction and after, and in light of, the resolution of the class actions. The reasons are simple: by litigating identical derivative claims in a single courthouse the courts and the parties avoid duplicative efforts and inconsistent rulings, and maximize the efficiency of a single, final resolution. These salutary benefits mirror the goals that Rule 1 promotes: a just, speedy and inexpensive end to the parties' disputes.

Public policy concerns of efficiency and fairness dictate that securities class actions should be resolved before related derivative actions. In short, resolution of the securities class actions would "leave little basis for pursuing th[e] Shareholder

Derivative Action." *Cucci v. Edwards*, No. SACV 07532 PSG MLGX, 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007). If the class action plaintiffs fail to establish their case, then it is likely that the directors' and officers' alleged acts/omissions that gave rise to those class actions – and this action – are not actionable. *See, e.g. In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1049 (N.D. Ill. 2012) ("If the class claims are disposed of on a motion to dismiss, then the scope of the derivative action will be significantly limited."). The goals of efficiency and fairness are particularly pertinent here because Eco Science is party to multiple different, related securities actions. The status quo, "multiple courts proceeding apace on these substantially similar claims," amounts to "a considerable waste of judicial resources in light of the significant complexity of this litigation. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp.2d 1160, 1172 (C.D. Cal. 2008).

Furthermore, Plaintiffs' active "prosecution of the Shareholder Derivative Action would likely conflict with" Eco Science's "defense of the Securities Class Action, since [Plaintiffs] would need to prove allegations that would seriously undermine [Eco Science's] defense of the class action." *Cucci*, 2007 WL 3396234, at *2. That is, the Company is simultaneously positioned as the plaintiff in this derivative action and a defendant in the class action. The concurrent defense of both cases compromises the defendants' ability to coordinate the best defense of

9

the company and its directors and officers.  *See, e.g. Brenner v. Albrecht*, No. CIV.A. 6514-VCP, 2012 WL 252286, at *6 (Del. Ch. Jan. 27, 2012) (staying derivative action pending resolution of securities class action because prosecuting derivative action "would involve taking actions designed to refute the merits of the Company's defense of the Securities Class Action, and vice versa.  The Individual Defendants are likely witnesses in both cases, but [Plaintiffs] must attempt to undermine their credibility while the Company presumably will attempt to rely on their veracity.").

Additionally, the Private Securities Litigation Reform Act (applicable to actions brought under federal securities law) imposes an automatic stay on discovery in the class actions pending resolution of a motion to dismiss.  15 U.S.C.A. § 78u-4(b)(3)(B); *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of CA*, 189 F.3d 909, 911-12 (9th Cir. 1999).  In such actions, "'all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss' unless 'the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.'"  *In re Countrywide*, 542 F. Supp.2d at 1179-80, *quoting* 15 U.S.C. § 78u–4(b)(3)(B).

Eco Science will move to dismiss the consolidated securities class actions.  As such, federal law will automatically stay discovery in those cases.  It would be anomalous in the extreme to preclude discovery in one matter while permitting it in

another. Courts in this Circuit have recognized the inequity of proceeding with discovery in a derivative suit before resolving a related securities class action: "Defendants are witnesses that [the Company] will rely upon in the Securities Class Action. In order for Plaintiffs to succeed, Plaintiffs will need to undermine the credibility of [the Company's] witnesses and defense in the Securities Class Action." *In re Ormat Techs., Inc.*, No. 3:10-CV-00177-ECR, 2011 WL 3841089, at *4 (D. Nev. Aug. 29, 2011); *see also Cucci*, 2007 WL 3396234, at *2 ("prosecution of the Shareholder Derivative Action would likely conflict with [the Company's] defense of the Securities Class Action, since the shareholder derivative Plaintiffs would need to prove allegations that would seriously undermine [the Company's] defense of the class action."); *In re First Solar Derivative Litig.*, No. CV-12-00769-PHX-DGC, 2012 WL 6570914, at *2 (D. Ariz. Dec. 17, 2012) ("the nature of the derivative suit will require First Solar to allege wrongdoing on the part of its officers and directors while maintaining the innocence of the same officers and directors in the class action."). Staying discovery in this action while allowing resolution of the class actions would obviate the Company's being put at cross-purposes.

For these reasons, the first prong is met – Defendants' pending motion to dismiss is potentially dispositive of all issues – and discovery in this matter should be stayed.

### 3. Discovery is Not Necessary for Resolution of A Motion to Dismiss

Defendants will move to dismiss the instant complaint under F.R.C.P. 12(b)(6). "The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co.*, 829 F.2d at 738; *see also Tradebay*, 278 F.R.D. at 601-02. Defendants will invoke purely legal and equitable principles: the admitted failure of Plaintiffs to make a demand on the board and the failure to plead facts that permit the inference of wrongdoing. In deciding Defendants' motion to dismiss, the Court may look only at the face of the Complaint and any "documents that were referenced extensively in the complaint and [are] accepted by all parties as authentic." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Because Defendants' motion to dismiss will solely concern the allegations of the Complaint and documents relied on therein, and the Court must accept Plaintiffs' well-pleaded facts as true, the exchange of discovery will not facilitate resolution of this motion. *See also Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) *overruled on other grounds* (holding that "[d]iscovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion.") (citations omitted).

### 4. This Litigation Is In Its Earliest Stages

Finally, the fact that this case is in its earliest stages weighs in favor of a discovery stay. *Tradebay*, *supra*, at 602. Discovery has not yet commenced in this action. As such, a stay would not disrupt active litigation or the discovery process midstream. Where, as here, Plaintiffs are not "prejudiced by the delay required to determine whether this case should be dismissed as a matter of law," a stay of discovery is particularly appropriate. *Morrison v. Quest Diagnostics, Inc.*, No. 2:14-CV-01207-RFB, 2015 WL 1640460, at *3 (D. Nev. Apr. 9, 2015). While staying discovery would not prejudice Plaintiffs, "[r]equiring Defendant[s] to respond when the outcome of the Motion to Dismiss[] could dispense of the need for discovery and/or significantly change the scope of discovery would waste resources and needlessly increase expenses," prejudicing both the individual defendants and the company whose interests Plaintiffs purportedly seek to protect. *PNY Techs., Inc. v. Netach Tech. Co.*, No. CV 16-00657 LEK-KSC, 2017 WL 3597516, at *3 (D. Haw. May 9, 2017). "At this early stage of the litigation, it seems sensible for the company and its stockholders for [Eco Science] to devote its resources at this time exclusively to the Securities Class Action." By staying discovery in this matter pending resolution of Defendants' Motion to Dismiss, the Company can devote its resources primarily to the class actions, and "litigative

efficiency can be advanced at no discernible cost to other interests." *Cucci*, 2007 WL 3396234, at *2.

All relevant factors weigh in favor of a discovery stay. The Court should thus stay discovery to facilitate the just, speedy and inexpensive determination of the various actions.

## IV. <u>CONCLUSION</u>

For all of these reasons, Defendants respectfully request that this Court grant a stay of discovery pending resolution of Defendants' motion to dismiss pursuant to F.R.C.P. 12(b)(6).

DATED: Philadelphia, Pennsylvania, September 14, 2018.

*/s/ Joel Max Eads*
JOEL MAX EADS
KATHLEEN M. KLINE

Attorneys for Defendants
JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, GANNON GIGUIERE and ECO SCIENCE SOLUTIONS, INC.

*Bell v. Taylor, et al.*; Civil No. 17-CV-00530 LEK-RLP;

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IAN BELL, Derivatively on Behalf of ECO SCIENCE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE, <br><br> Defendants, <br><br> -and- <br><br> ECO SCIENCE SOLUTIONS, INC., a Nevada corporation, <br><br> Nominal Defendant. <br> _____ | CIVIL NO. 17-00530 LEK-RLP <br><br> CERTIFICATE OF SERVICE |
| MARC D'ANNUNZIO, Derivatively on Behalf of ECO SCIENCE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JEFFERY TAYLOR, DON LEE TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE, <br><br> Defendants, | CIVIL NO. 18-00016 LEK-RLP |

-and-

ECO SCIENCE SOULTIONS, INC., a Nevada corporation,

Nominal Defendant.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following persons electronically through CM/ECF on the date indicated below:

| ASHLEY K. IKEDA, ESQ. | aikeda@unioncounsel.net |
|---|---|
| JERRY P.S. CHANG, ESQ. | jchang@unioncounsel.net |
| RICHARD A. MANISKAS, ESQ. | rmaniskas@rmclasslaw.com |
| SHANE P. SANDERS, ESQ. | ssanders@robbinsarroyo.com |
| CRAIG W. SMITH, ESQ. | csmith@robbinsarroyo.com |

DATED:  Philadelphia, Pennsylvania, September 14, 2018.

    */s/ Joel Max Eads*
JOEL MAX EADS
KATHLEEN M. KLINE

Attorneys for Defendants
JEFFERY TAYLOR, DON LEE TAYLOR,
L. JOHN LEWIS, S. RANDALL OVESON,
GANNON GIGUIERE and ECO SCIENCE
SOLUTIONS, INC.

*Bell v. Taylor, et al.*; Civil No. 17-CV-00530 LEK-RLP; CERTIFICATE OF SERVICE