IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IAN BELL, Derivatively on Behalf of ECO SCIENCE SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JEFFREY TAYLOR, ET AL., <br><br> Defendants. | CIVIL NO. 17-00530 LEK-WRP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT

On November 17, 2020, a hearing was held on Plaintiffs' Motion for Final Approval of Settlement filed on October 27, 2020 (Motion). See ECF No. 137. As stated at the hearing and as reflected in the Motion, Defendants do not oppose the relief requested in the Motion. See id. at 8 n.1.

After careful consideration of the parties' submissions, the arguments of counsel at the hearing, and relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

- 1 -

BACKGROUND

Plaintiffs Ian Bell and Marc D'Annunzio filed this shareholder derivative action on behalf of nominal defendant Eco Science Solutions, Inc. (ESSI) against certain of its current and former directors and officers. See ECF No. 1. A Settlement on the Record was held on May 12, 2020, at which time the parties placed the key settlement terms on the record. See ECF No. 121. On September 21, 2020, the parties entered into a Stipulation of Settlement. See ECF No. 133-3.

On September 23, 2020, the Court issued an Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement. See ECF No. 134. Pursuant to that Order, Plaintiffs were required to publish notice of the settlement including the material terms of the settlement and provide notice that any objections must be made on or before November 3, 2020. See id. Plaintiffs filed a Notice of Non-Objection on November 9, 2020, stating that notice has been published as ordered and that no objections had been filed or received. See ECF No. 141. A hearing was held on the Motion on November 17, 2020.

DISCUSSION

Under Federal Rule of Civil Procedure 23.1(c), derivative actions may be settled only with the Court's approval. See Fed. R. Civ. P. 23.1(c). The Court must determine whether a proposed settlement is "fundamentally fair, adequate,

and reasonable." In re Pac. Enters. Sec. Litig., 47 F.3d 373, 377 (9th Cir. 1995) (citation omitted). The Court may consider various factors, including "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement." In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000); see also Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) ("Assessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."). The "principal factor to consider" is the benefit to the company on whose behalf the derivative suit was brought, "as compared to the risks posed by derivative litigation." In re Apple Computer, Inc. Derivative Litig., 2008 WL 4820784 at *2 (N.D. Cal. Nov. 5, 2008).

First, the Court considers the benefit to the company as compared to the risks posed by derivative litigation. The settlement provides $1.5 million in

debt forgiveness and for the forfeiture of 3.5 million shares of common stock, which will improve ESSI's financial condition. See ECF No. 133-3 ¶¶ 2.1, 2.2. The settlement also requires ESSI to overhaul its corporate governance, including eliminating insider relationships, addressing conflicts of interest and internal controls, and providing a framework for Board oversight. See id. ¶¶ 2.3, 2.4. The Court finds that the debt forgiveness, share forfeiture, and corporate governance reforms confer a significant benefit on ESSI, which weighs in favor of finding the settlement fair, reasonable, and adequate.

        The Court next considers the risk, expense, complexity, and likely duration of further litigation. This lawsuit involves complicated claims and would require the parties to expend significant time and expense if the case were to proceed to trial. The parties would be required to complete discovery, motions practice, and prepare for trial relying on years of corporate records, financial documents, and public filings, with complex liability and damage issues needing to be explained through expert testimony. All parties risk losing at trial. By settling at this relatively early stage of this litigation, the parties will avoid substantial legal fees and costs. In weighing the benefits to the ESSI compared the risks of continued litigation, the Court finds that this factor weighs in favor of finding that the settlement is fair, reasonable, and adequate.

        The Court next considers whether the settlement negotiations were

4

conducted at arms' length.  In addition to the extensive negotiations between experienced counsel, the Court conducted several settlement conferences with the parties in this action, which weighs considerably against any inference of a collusive settlement.  See ECF Nos. 107, 114.  This Court finds that this factor also weighs in favor of finding that the settlement was fair, reasonable, and adequate.

The Court must also consider any shareholder opposition.  See Hanlon, 150 F.3d at 1026.  Here, ESSI filed a Form 8-K attaching the Notice and the Stipulation on October 1, 2020 and published a copy of the Summary Notice in the Investors' Business Daily on October 5, 2020.  See ECF No. 141 at 3; see also ECF No. 142.  Plaintiffs state in their Motion that the Notice was also posted on the investor relations section of ESSI's corporate website and that Plaintiffs' counsel posted the Stipulation and Notice on their respective firm websites.  See ECF No. 141 at 3.  No objections were received, which weighs in favor of finding that the settlement is fair, reasonable, and adequate.

Finally, the Court considers the reasonableness of the fees and expenses that were agreed upon as part of the settlement.  In the Stipulation of Settlement, the parties agreed that ESSI will pay Plaintiffs' counsel $350,000 over three years in accordance with the terms of a promissory note and give Plaintiffs' counsel 1.4 million shares of unregistered ESSI stock.  See ECF No. 137-1 at 23.  This amount was negotiated separately from the initial terms of settlement and was

agreed upon after receiving a mediator's proposal from the undersigned.  See ECF Nos. 123, 125, 127.  According to Plaintiffs' Motion, ESSI's stock is currently trading at $0.02 per share.  See id. at 28 n.14.  Based on this information, the approximate current value of the 1.4 million shares is $28,000.  The Court uses this approximate current value in its consideration of whether this part of the settlement is reasonable.

Courts generally look to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) to determine the reasonableness of any award of attorneys' fees.  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000); In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted).  Under that calculation, a reasonable fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended.  Hensley, 461 U.S. at 433.  Once calculated, the "lodestar" is presumptively reasonable.  See Penns. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987).  As detailed in Plaintiffs' Motion and the declaration of counsel, Plaintiffs' counsel expended 1,496.05 hours in this litigation up to the time of settlement in May 2020.  See ECF No. 137-1 at 31; ECF No. 137-2 ¶¶ 68-77; ECF No. 137-4 ¶¶ 6-10; ECF No. 137-5 ¶¶ 10-11.  Based on the hourly rates charged by counsel, which ranged from $825 for senior partners to $135 for paralegals, this resulted in fees of $738,049.07.  See ECF No. 137-2 ¶¶

67-77. The settlement amount for fees is approximately $378,000, a little more than half of the amount of fees incurred under the traditional lodestar calculation. The declaration of counsel submitted with the Motion also provides that Plaintiffs' counsel incurred $21,549.52 in unreimbursed expenses in connection with this litigation. See id. ¶¶ 75-77. The Court finds that the amount of settlement for fees and expenses is reasonable in light of the time expended by counsel and the value conferred on ESSI in this settlement.

Based on the Court's consideration of the relevant factors, the Court FINDS that the settlement, including the agreed upon attorneys' fees, is reasonable, fair, and adequate and RECOMMENDS that the district court approve the settlement.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs Motion for Final Approval of Settlement be GRANTED. Plaintiffs shall transmit a proposed order of final judgment to the district court at kobayashi_orders@hid.uscourts.gov for review in accordance with this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 17, 2020



Wes Reber Porter
United States Magistrate Judge