WEINBERG, ROGER & ROSENFELD
ASHLEY K. IKEDA 2955-0
JERRY P.S. CHANG 6671
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, HI 96813
Telephone: (808)528-8880
Facsimile: (808) 528-8881
aikeda@unioncounsel.net
jchang@unioncounsel.net

*Attorneys for Plaintiffs Ian Bell and Marc D'Annunzio*

ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH (*pro hac vice*)
SHANE P. SANDERS (*pro hac vice*)
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

*Attorneys for Plaintiff Ian Bell*

LAW OFFICES OF BETH A. KELLER, P.C.
BETH A. KELLER (*pro hac vice*)
118 N Bedford Rd Ste 100
Mount Kisco, NY 10549
Telephone: (914) 752-3040
bkeller@keller-lawfirm.com

*Attorneys for Plaintiff Marc D'Annunzio*

[Additional Counsel on Signature Page.]

[Caption on following page.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| IN RE ECO SCIENCE SOLUTIONS, INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead Civil No. 1:17-00530-LEK-WRP<br><br>(Consolidated with No. 1:18-cv-00016) |
| This Document Relates To:<br><br>ALL ACTIONS | **ORDER AND FINAL JUDGMENT** |

This matter came before the Court for hearing on November 17, 2020, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated September 21, 2020, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all maters necessary to effectuate the Settlement, and over all Settling Parties to the Action, including plaintiffs Ian Bell and Marc D'Annunzio, Current

ESSI Shareholders, ESSI and the Individual Defendants.

3. The Court finds that the Notice provided to ESSI shareholders constituted the best notice practicable under the circumstances. The Notice satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of ESSI and its shareholders.

5. Coterminous with the date of this Judgment, and pursuant to the terms of the Settlement, A. Carl Mudd ("Mudd") or such other individual with similar background and qualifications as may be agreed to by the parties in the event that Mr. Mudd is unavailable or unwilling to serve, is hereby appointed Ombudsman, as defined and on the terms set forth in the Stipulation. Pursuant to the Stipulation, the Ombudsman is delegated all necessary powers and plenary authority of the Board to ensure the full and faithful adoption, implementation, and operation of the corporate governance reforms set forth in Exhibit A to the Stipulation. The Ombudsman shall retain these powers and authority for the duration of the Effective Term, or until the Board is fully reconstituted as set forth in paragraph 2.4 of the Stipulation, at which time these powers and plenary authority shall revert to the Board. The Ombudsman shall serve as Chairman of the Board for the entire Effective Term. In the event the Ombudsman is unwilling or unable to so serve, the remaining members of the

reconstituted Board shall take all necessary steps to recruit, vet, and appoint a new independent (as defined by Nasdaq, Inc. Listing Rule 5605(a)(2)) non-employee director with similar background and qualifications, who shall stand for election at the next regularly scheduled meeting of the shareholders. In connection with his role as Ombudsman, the Ombudsman shall be afforded the maximum legal protections that may be afforded to individuals serving as "special masters" appointed by this Court under Rule 53 of the Federal Rules of Civil Procedure.

6. The Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons, and shall forever be barred and enjoined from initiating, instituting, commencing maintaining, or prosecuting any and all Released Claims against any Released Persons, and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. "Released Claims" means any and all actions, suits, claims, debts, rights, liabilities, and causes of action of every nature, whether based on federal, state, or local statutory or common law or any other law, rule or regulation, including potential or actual liabilities, known and Unknown Claims (as defined in paragraph 1.27 of the Stipulation), potential or actual, that were or could have been asserted derivatively on behalf of ESSI, by Plaintiffs, any other shareholder of ESSI or any Person standing or purporting to stand in ESSI's shoes, against any of the Released Persons that arise out of, concern or in any way relate to: (i) the allegations, transactions, facts, matters, events, disclosures, non-disclosures, statements, occurrences, representations, acts or omissions or failures to act that have been or could have been alleged or asserted in the Action; (ii) the Settlement, except for any claims to enforce the Settlement; or that (iii) would have been barred by res judicata had the Action been fully litigated to a final judgment. Excluded from the term "Released Claims" are all claims alleged in the pending securities class action captioned *In re Eco Science Solutions, Inc. Securities Litigation*, Case No. 1:17-cv-03707 (D.N.J.).

9. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel and their Related Persons from all Released Defendants' Claims (including Unknown

Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

10. During the course of the litigation, including the filing of the complaints, the parties and their counsel at all times complied with the requirements of the applicable laws and rules of the Court, including, without limitation, Rule 11 of the Federal Rules of Civil Procedure, and consistent with applicable laws and rules of professional conduct.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

12. The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance

of the Stipulation and/or the Judgment: (a) in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) in furtherance of the Settlement contemplated in the Stipulation; and (c) in any action to enforce the Settlement.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. In the event the Effective Date does not occur, pursuant to paragraph 6.1 of the Stipulation, (unless counsel for the Settling Parties mutually agree in writing to proceed with the Stipulation), then the Stipulation shall be canceled and terminated subject to paragraph 6.3 and this Judgment shall be vacated and, unless counsel for the Settling Parties mutually agree in writing to proceed with the Stipulation. If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled, terminated or fails to become Final in accordance with its terms: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Action as of September 21, 2020; (b) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (c) any portion of the Fee and Expense Amount paid to Plaintiffs' Counsel shall be

refunded and returned within thirty (30) calendar days and the Note (Stipulation, Exhibit G) shall be deemed cancelled; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose.

14. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

15. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure this Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

16. This Judgment is a final judgment and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation.

Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: December 3, 2020




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

1475625